WOODS, JR., PLAINTIFF-APPELLEE, v. G. & M. AUTO COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26889.   Decided June 25, 1964.

*Mr. Carl A. Mintz,* for plaintiff-appellee.
*Messrs. Roemisch & Wright,* for defendant-appellant.

WASSERMAN, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Cleveland Municipal Court.

On October 10, 1962, plaintiff and his employee, John Burney, had been using a 1962 Oldsmobile belonging to Materia Woods. At about 3:15 P. M., plaintiff got out of this automobile at his place of employment at the White Motor Company on St. Clair Avenue and instructed John Burney to deliver the automobile to plaintiff's wife.

The trunk of the car was locked and plaintiff kept the key. Plaintiff claimed that the trunk of the car contained a tarpaulin for a truck, a diesel truck starter, and numerous truck tools. The claimed items were put in the trunk by the plaintiff on that same morning.

As Mr. Burney started away from the curb, he was stopped by officers of the Cleveland Police Department for a traffic ordinance violation which occurred near East 91st Street and St. Clair Avenue. Burney was taken into custody and brought to the Sixth District Police Station. The officers called for a tow truck, waited for its arrival, looked over the car, saw the tarpaulin and turned the car over to the operators of the tow truck who delivered it to the defendant lot. Neither the plaintiff nor Mr. Burney was present when the car arrived at the lot and neither one had any conversation with the defendant

concerning the car or its contents upon its acceptance by the defendant.

Subsequently, the plaintiff paid the towing and storage charges and was told that his ignition key was in his car. It was the custom of the defendant to leave the key in all cars for the defendant's convenience in moving the cars about. The lot had an around-the-clock attendant except when they were out on calls, and then the lot would be left unattended.

The defendant had been in business a long time and at least one car per year had been stolen from the premises. The plaintiff's car was stolen and found several days later by the Police Department in a stripped condition with its contents gone.

The plaintiff filed a petition in the Cleveland Municipal Court alleging two causes of action. The first sought to recover the reasonable value of the tarpaulin, rebuilt starter, and tools, and the second sought to recover the towing and storage charges. Trial was had to the court without the intervention of a jury, and a judgment of $351.40 was rendered for the plaintiff on the first cause of action, and judgment was rendered for the defendant on the second.

The defendant filed its notice of appeal to this court on questions of law and lists three assignments of error:

"1. The court erred to the prejudice of the defendant in finding for the plaintiff on his First Cause of action.

"2. The Court erred to the prejudice of the defendant in that said finding and judgment are not sustained by substantive evidence.

"3. The Court erred to the prejudice of defendant in not allowing counsel for defendant on cross-examination to inquire as to plaintiff's insurance coverage."

The defendant cites a series of cases indicating the necessity of specific notice to the bailee of the contents of a car in order to create a liability for their loss.

The circumstances under which the defendant came into possession of the plaintiff's automobile were such that no notice of the contents of the car could have been given to the defendant. The defendant knew the car had been turned over to it by the Police Department. The plaintiff had no opportunity to notify the defendant of its contents.

Under these circumstances, we conclude that the defendant assumed control over and custody of the vehicle and its contents and the relationship between the parties was that of bailor and bailee, and, therefore, the defendant owed the duty to exercise ordinary care in the preservation and protection of the vehicle as well as its contents.

In *Agricultural Ins. Co.* v. *Constantine*, 144 Ohio St., 275, at page 284, 58 N. E. (2d), 658, it is stated:

"* * * That bailments rest upon contract express or implied is universally recognized. It is the duty of the bailee in a contract of bailment for hire to exercise due care to prevent loss of or damage to the bailed property, and for a failure to exercise such care he is liable for any resulting loss or damage. * * *."

Also, in paragraph five of the syllabus, the following appears:

"5. Where the bailee proves loss of the property by *theft*, but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver."

The evidence establishes that the defendant left the ignition key in the plaintiff's automobile upon a lot from which at least one car had been stolen each year for many years past, that the lot, at times, was left without supervision while the attendants were away on the defendant's business and that it was during such time that the plaintiff's automobile was stolen. Under these circumstances, the bailee was guilty of gross negligence.

Accordingly, the judgment of the Cleveland Municipal Court is affirmed.

KOVACHY, P. J., ARTL, J., concur.