WESTERN RESERVE MUTUAL CASUALTY CO., APPELLANT, *v.*
MUELLER ET AL., APPELLEES.

[Cite as Western Reserve Cas. Co. v. Mueller,
18 Ohio App. 2d 307.]

(No. 6278—Decided June 4, 1969.)

*Messrs. Olds, Olds, Lynett & Downing*, for appellant.
*Messrs. Knowlton, Sanderson, Ragan & Cady*, for appellee.

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment of the Akron Municipal Court, wherein that court found that the plaintiff, Western Reserve Mutual Casualty Company (appellant here), was the insurance company that afforded liability coverage when Charles Mueller ran into the rear of an automobile operated by Edward Bays.   The plaintiff was the insurer of Edward Bays and, under the collision provisions of its policy, paid the damages suffered by Edward Bays, its insured.   Plaintiff then sued Charles Mueller and recovered a default judgment against him.   Charles Mueller had no policy of liability insurance issued to him.

At the time of the collision, when Mueller ran into the

rear of Bays' automobile, Mueller was driving an automobile in which the certificate of title stood in the name of his son-in-law, Harold Jones. On January 18, 1967, for good consideration, Jones delivered possession of his automobile to Mueller, who was not a resident of the Jones household. Harold Jones executed the printed transfer of title on the reverse side of the certificate of title, and delivered it to Mueller. On January 21, 1967, and before such title was transferred by the Clerk of Courts of Summit County from Jones to Mueller, the accident occurred.

The question is: Who was the owner of the automobile at the time of the accident?

At the time of the delivery, by Jones, of the properly executed transfer form on the reverse side of the certificate of title, the statute, Section 4505.06, Revised Code, fixed three days as the time within which a new purchaser's certificate of title application must be made.

If Jones was the owner of the vehicle, then certainly Mueller was driving with his permission. If the transfer of title was completed, and Mueller was the owner of the vehicle, then the liability insurance policy issued to Jones does not cover the damages caused by Mueller's act of running into the rear of the Bays' automobile.

There is some confusion in the law with reference to the effect of Section 4505.04, Revised Code, which is the "certificate of title as evidence of ownership" act. The vendor and vendee are required to give and receive the certificate of title according to the provisions of Section 4505.03, Revised Code.

This court has had occasion recently to follow the law announced in the case of *Brewer* v. *DeCant*, 167 Ohio St. 411, in the unreported Lorain County Court of Appeals case No. 1830-1831, *Sarafii* v. *Sefel*: *Trinity Universal Ins. Co.*, decided in May 1969. The rule in the case of *Brewer* v. *DeCant* covers situations where the insurance coverage of the automobile dealer, under a garage policy, is deemed liable because such dealer has the responsibility of securing the certificate of title and delivering it to the purchaser. The law does not place that responsibility upon a vendor,

who is not engaged in dealing in automobiles, as is the case of the arrangement between Jones, the vendor here, and Mueller, the vendee. It is Mueller who must get the certificate of title within three days of delivery to him of the properly executed transfer form on the reverse side of the certificate of title.

Mueller had not had the new certificate of title issued to him by the clerk of courts within the three-day period. Jones never notified his insurer of the transfer to Mueller of his certificate of title to the automobile.

We have found no statute which indicates that, as between a private noncommercial vendor, and the vendee to whom he has given, for the full value, the properly executed certificate of title, the title remains in such vendor. On the contrary, Section 4505.03, Revised Code, reads as follows:

"No person, except as provided in Section 4505.05 of the Revised Code, shall sell or otherwise dispose of a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as is necessary to show title in the purchaser; nor shall any person, except as provided in Section 4505.11 of the Revised Code, purchase or otherwise acquire a motor vehicle without obtaining a certificate of title for it in his name in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code."

As one reads Section 4505.04, Revised Code, it is apparent that the tenor of such section is concerned with a dispute that may exist when two persons are claiming that they individually own a motor vehicle. That section is not concerned with the admitted transfer of ownership that is provided for in Section 4505.03, Revised Code.

In the instant case, there was, as between Jones and Mueller, a complete divestment of dominion, control, and ownership of the vehicle. It is clear that Jones was no longer the owner, and he had no dispute with anyone claiming that he was not the owner. As between Jones and Mueller, the sale was consummated.

We believe that this analysis of the problem is sus-

tained by the case of *Auto Owners Ins. Co. v. Olney*, 84 Ohio Law Abs. 244. We are saying herein that, as between a vendor and vendee of a motor vehicle, title can pass without the formal issuance of a new certificate of title, and, as between such persons, the title does not remain in the vendor. The vendor's liability insurance coverage, in such a case, does not remain with the sold vehicle.

We think the analysis here conforms to the requirements of the Financial Responsibility Law, Chapter 4509, Revised Code, and especially Section 4509.01(D), Revised Code, which defines ''owner'' as:

'' 'Owner' means a person who holds the legal title of a motor vehicle. If a motor vehicle is the subject of an agreement for conditional sale or lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, the vendee or lessee is the owner. If a mortgagor of a motor vehicle is entitled to possession, the mortgagor is the owner.''

With the conclusions thus reached, we must affirm the judgment of the trial court.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.