GLOBE AMERICAN CASUALTY COMPANY, Appellee,

v.

CITY OF CLEVELAND, Appellant.

[Cite as *Globe Am. Cas. Co. v. Cleveland* (1994), 99 Ohio App.3d 674.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66613.

Decided Dec. 19, 1994.

*Lawrence D. Leeders,* for appellee.

*Sharon Sobol Jordon,* Director of Law, *Kathleen A. Hannan, Jr.,* Chief Assistant, *Charles E. Hannan, Jr.,* Assistant Director of Law, for appellant.

KRUPANSKY, Presiding Judge.

Defendant-appellant city of Cleveland, Ohio ("Cleveland") appeals from a September 20, 1993 judgment of the Cleveland Municipal Court adopting the report of the referee and, thus, finding in favor of plaintiff-appellee Globe American Casualty Company ("Globe") in the amount of $7,260. The facts were undisputed.

On or about March 16, 1990, a 1986 Chevrolet Blazer which was insured by Globe was stolen in Columbus, Ohio. Globe, thereafter, compensated its insured Mark Murphy ("Murphy") and, thus, Globe obtained title to the Blazer. On June 1, 1990, the Cleveland Police Department impounded the Blazer which was in the possession of Crystal Goodgame ("Goodgame"). On June 4, 1990, the Cleveland Police Department identified the Blazer as the one stolen from Murphy and so informed Murphy of the Blazer's impoundment. Murphy, thereafter, notified Globe and Globe subsequently made arrangements with the Cleveland Police Department to recover the Blazer.

On June 9, 1990, however, the Cleveland Police Department released the Blazer to Goodgame, *i.e.,* to the same person who was in possession of the Blazer when it was impounded by the police. Globe learned of this release on June 13, 1990 when a representative of Globe came to Cleveland to take possession of the Blazer. The Blazer was recovered a few months later by the Cleveland Police Department and returned to Globe. Nonetheless, by the time the Blazer was returned to Globe, it had been stripped and, therefore, possessed a salvage value of $1,840 instead of its actual cash value of $9,100, thus, the judgment for $7,260.

Globe, thereafter, commenced the case *sub judice* against Cleveland alleging negligence and breach of bailment. In its answer, Cleveland pleaded, *inter alia,* the affirmative defense of sovereign immunity. The case *sub judice* was, thereafter, heard by a referee.

On April 16, 1993, the referee issued a report, which was not journalized until June 9, 1993, recommending in favor of Globe. Although the referee recognized Cleveland's statutory grant of sovereign immunity contained in R.C. Chapter 2744, the referee relied upon R.C. 2744.02(B)(5), which provides an exception to the sovereign immunity grant when another Revised Code statute expressly imposes liability. In the report, the referee found that R.C. 2933.41 imposed a mandatory duty upon the Cleveland Police Department to return the Blazer to the titled owner, *viz.,* Globe and, therefore, Cleveland was not entitled to sovereign immunity in the case *sub judice.*

The report of the referee stated in relevant part as follows:

"Plaintiff does not disagree with [the] interpretation of the statute [R.C. 2744.02], but states it is not applicable, if it conflicts with a statute imposing a mandatory duty on the police officer to safely keep the vehicle as set forth by [R.C.] 2933.41 until no longer needed as *evidence.*   * * *

"And though this Referee believes that 1933.41 [*sic*] O.R.C. was passed with the intent that the governmental agency be allowed to keep the items to be used as evidence, it clearly states [*sic*] the premises that the vehicle be kept safely until used as evidence and then prescribes the method of return, it would appear the vehicle is to be returned to the proper title holder." (Emphasis *sic.*)

On the same date the referee's report was journalized, June 9, 1993, the trial court journalized an entry finding for Globe against Cleveland in the amount of $7,260.

On June 23, 1993, fourteen days after the report of the referee was filed, Cleveland filed objections to the report of the referee.[1] In its objections, Cleveland argued that R.C. 2744.02(B)(5) provides an exception to the sovereign immunity doctrine only when liability is *expressly* imposed upon the political subdivision by another section of the Ohio Revised Code. Cleveland further argued that R.C. 2933.41 does not *expressly* impose liability upon the city but, rather, merely establishes the city's responsibilities and, therefore, does not provide an exception to the sovereign immunity doctrine. Globe filed a brief in opposition to Cleveland's objections arguing, *inter alia,* that R.C. 2933.41 does indeed provide an exception to the sovereign immunity doctrine.

---

1.  Civ.R. 53(E)(2) states in relevant part as follows: "Within fourteen days of the filing of the [referee's] report, a party may serve and file written objections to the referee's report."

On September 20, 1993, the Cleveland Municipal Court overruled Cleveland's objections to the referee's report and ordered the judgment entry of June 9, 1993, finding in favor of Globe, to remain in full force and effect. Cleveland, however, was not served notice by the trial court of the September 20, 1993 order. Thereafter, on November 17, 1993, Globe sought and received an order in aid of execution of judgment. Cleveland, upon service of the order in aid of execution, searched the Cleveland Municipal Court docket and discovered, on or about December 1, 1993, the final order entered September 20, 1993 adjudicating the case *sub judice*.

On December 3, 1993, Cleveland filed a notice of appeal to this appellate court stating that, pursuant to Civ.R. 58, Cleveland was not served with notice of the final judgment in the case *sub judice*. Cleveland, also on December 3, 1993, sought and was granted a stay of execution of judgment pending appeal. On August 9, 1994, this appellate court *sua sponte* ordered the within appeal to go forward pursuant to Civ.R. 58(B).

Appellant's sole assignment of error follows:

"The trial court erred in entering judgment against the city of Cleveland, as the City of Cleveland is immune from liability pursuant to Chapter 2744 of the Ohio Revised Code."

This assignment lacks merit.

■ R.C. 2744.02 states in relevant part as follows:

"(A)(1) * * * Except as provided in division (B) of this section, a political subdivision *is not liable* in damages in a civil action for * * * loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

" * * *

"(B) [A] political subdivision *is liable* in damages in a civil action for * * * loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

" * * *

"(5) [A] political subdivision *is liable* for ... loss to persons or property *when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Liability shall not be construed to exist* under another section of the Revised Code *merely because a responsibility is imposed upon a political subdivision * * *.*" (Emphasis added.)

Pursuant to R.C. 2744.01, the police power to impound an allegedly stolen motor vehicle constitutes a governmental function.[2]

■ In the case *sub judice*, Cleveland, therefore, possessed sovereign immunity with respect to the loss incurred by Globe unless it can be demonstrated that, pursuant to R.C. 2744.02(B)(5), *supra*, another Revised Code section *expressly imposed liability* upon Cleveland. The Cleveland Municipal Court, as noted *supra*, held that R.C. 2933.41 constitutes an exception to the sovereign immunity doctrine and we are inclined to agree with this determination.

■ R.C. 2933.41 states in relevant part as follows:

"(A)(1) Any property * * * that has been lawfully seized * * * and that is in the custody of a law enforcement agency, *shall be kept safely* pending the time it no longer is needed as evidence, and *shall be disposed of* pursuant to this section. * * *

"(B) *A law enforcement agency* that has property in its possession that is required to be disposed of pursuant to this section *shall* make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to *return the property to them at the earliest possible time.* * * *" (Emphasis added.)

R.C. 2933.41 does indeed control with respect to a law enforcement agency's return of stolen property to the true owner. *Doughman v. Long* (1987), 42 Ohio App.3d 17, 536 N.E.2d 394.

In *Sielaff v. Dawson* (Jan. 9, 1991), Summit App. No. 14725, unreported, 1991 WL 2010, the court found that a statute which states an obligation *shall* be performed does not permit the exercise of discretion and, therefore, imposes a mandatory duty upon the party required to act in conformity with such statute. The *Sielaff* court then held that a clerk of courts who violated such a statute which imposed a mandatory duty, *viz.*, R.C. 2937.41, acted manifestly outside the scope of his official responsibilities. In addition, the *Sielaff* court affirmed a judgment against the court clerk based in part upon the clerk's violation of the mandatory duty imposed by R.C. 2937.41 and in part upon a different statute, R.C. 2707.04, which expressly imposed liability upon a court clerk for refusal to pay money to an entitled person.

---

**2.** R.C. 2744.01 defines "governmental function" in relevant part as follows: "(C)(1) 'Governmental function' means a function of a political subdivision that * * * satisfies any of the following: * * * (b) A function that is for the common good of all citizens of the state; (c) A function that promotes or preserves the public peace * * * that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; * * *. (2) A 'governmental function' includes, but is not limited to, the following: (a) The provision or nonprovision of police * * * (i) The enforcement or nonperformance of any law * * *."

In *Reed v. Perry Cty. Children's Serv.* (June 29, 1993), Perry App. No. CA–429, unreported, 1993 WL 274299, the Perry County appellate court went a step farther. The *Reed* court was also confronted with a statute, *viz.*, R.C. 2151.421, which stated that an obligation *shall* be performed. In *Reed, supra*, the court determined, as did the *Sielaff* court, that since R.C. 2151.421 stated an obligation *shall* be performed, the statute established a mandatory duty. In addition, however, the *Reed* court held that since R.C. 2151.421 established a mandatory duty, it also followed that the statute expressly imposed liability upon the party in violation of such mandatory duty.

Based upon *Sielaff, supra*, and *Reed, supra*, clearly the relevant statute in the case *sub judice, i.e.*, R.C. 2933.41, *supra*, establishes a mandatory duty owed by a law enforcement agency to persons entitled to possession of property that is currently in the custody of the law enforcement agency. That mandatory duty requires the law enforcement agency to return the property to the entitled persons at the earliest possible time. Furthermore, in accordance with *Reed, supra*, since R.C. 2933.41, *supra*, establishes a mandatory duty, it also expressly imposes liability upon the party who violates such duty.

In the case *sub judice*, Cleveland was clearly charged by R.C. 2933.41, *supra*, with the foregoing mandatory duty to return the Blazer to Globe at the earliest possible time. Pursuant to *Sielaff, supra*, and *Reed, supra*, the statute, *viz.*, R.C. 2933.41, *supra*, by establishing a mandatory duty, also expressly imposes liability upon Cleveland for noncompliance with the foregoing mandatory duty. Therefore, since R.C. 2933.41, *supra*, expressly imposes liability upon the violating party, in the case *sub judice* the city of Cleveland, R.C. 2933.41, *supra*, constitutes an exception to the sovereign immunity doctrine. R.C. 2744.02(B)(5).

Based upon the foregoing analyses, appellant's sole assignment of error lacks merit and, therefore, is overruled.

*Judgment affirmed.*

DYKE and WEAVER, JJ., concur.