SPRAGUE

v.

ARMY'S AUTO WRECKING, INC., et al.█

Court of Common Pleas of Ohio,
Allen County.

No. CV95 03 0141.

Decided Dec. 21, 1995.

**46**

*Maria Santo,* for plaintiff.

*David A. Cheney,* for defendant Army's Auto Wrecking, Inc.

*Anthony L. Geiger,* for defendant city of Lima.

---

MICHAEL A. RUMER, Judge.

Pursuant to Civ.R. 56(C) and Local Rule 3.04, the motions filed on October 6, 1995 by defendant Army's Auto Wrecking, Inc. ("Army") and on November 6, 1995 by defendant city of Lima ("city") came on for disposition by this court upon written briefs and without oral argument.

Upon consideration of the pleadings, affidavits, and answers to interrogatories, the court finds that there are genuine issues of material fact and that both motions should be overruled.

The respective motions before the court raise the issue of whether a city and its contracted towing service have any responsibility for damage claimed done to a motor vehicle which is seized, impounded, towed, and stored as a result of a traffic violation. The parties do not dispute the underlying facts in the case. Plaintiff Scot Sprague's claims are founded in bailment and negligence. Both

defendants deny any bailment or negligence, and the city further claims sovereign immunity.

The undisputed facts are that on December 10, 1993, the plaintiff was stopped by Officer Kinkle of the Lima Police Department and arrested for driving during suspension. While no witness has specifically stated the statute violated by plaintiff, the court assumes that Officer Kinkle is referring to a violation of R.C. 4507.02 in his affidavit.

Officer Kinkle seized and impounded plaintiff's vehicle by having the city's towing and impounding service pick up the vehicle at the location of the traffic stop. The city has explicitly contracted with Army for this service. Plaintiff's 1979 Thunderbird was stored at Army's fenced-in lot between December 10, 1993 and January 9, 1994, when it was released by the city to plaintiff.

When the vehicle was returned, plaintiff claims the condition of the vehicle and its contents were different from when the city took control of the vehicle. Plaintiff alleges the vehicle had sustained significant damage to the body and $3,000 in personal property was missing. For purposes of this decision, the court must assume damages did occur, since there is no evidence to the contrary.

In deciding whether summary judgment is appropriate, this court must follow Civ.R. 56 and view the record in the light most favorable to the nonmoving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924. The burden of establishing that the material facts are not in dispute, and that no genuine issue of facts exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The inferences drawn from the underlying facts contained in the affidavits and exhibits must be construed in the opposing party's favor. When so construed, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314–315; *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480–481. However, Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, and a party must so perform if it is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. In addition, the nonmoving party has the burden of producing specific evidence to establish each element of each claim. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

Defendant Army relies upon *Tabar v. Charlie's Towing Serv., Inc.* (1994), 97 Ohio App.3d 423, 646 N.E.2d 1132, as a basis upon which this court must determine that no bailment existed between plaintiff and Army. This reliance is

misplaced. In *Tabar,* the owner of a vehicle sued the landlord of a vehicle storage company when the landlord allegedly converted Tabar's vehicle to the landlord's own use. The court of appeals found no bailment existed between Tabar and the landlord, but found conversion had occurred.

Defendant Army is correct that *Tabar* recites the law of bailment, 97 Ohio App.3d at 428, 646 N.E.2d at 1136:

"A bailment requires (1) the delivery of property by one party to another for a particular purpose; (2) the bailment arises from an express or implied contract; and (3) the bailee's return of the bailed property, in the same condition as delivered, to the bailor once the purpose has been accomplished."

■ The underlying, undisputed facts in this case meet these elements as to both Army and the city when construed most favorably to plaintiff. A bailment arises between the plaintiff and city and remains between the plaintiff and city. Defendant Army is the agent, by express contract, of the city to carry out the city's statutory responsibility once the city seizes the plaintiff's motor vehicle and Army takes control. *Woods v. G & M Auto Co.* (1964), 9 Ohio App.2d 192, 30 O.O.2d 333, 199 N.E.2d 762.

When the city, through Officer Kinkle, impounded plaintiff's vehicle, it became seized property subject to the exclusive control of the Lima Police Department, its agents, and the courts. The Ohio legislature has specifically created a relationship, somewhat akin to bailment, for such property in R.C. 2933.41, which is applicable herein. R.C. 2933.41 states in pertinent part:

"(A)(1) *Any property* * * * that has been * * * *lawfully seized* * * * and that is in the custody of a law enforcement agency, *shall be kept safely* pending the time it no longer is needed as evidence, and shall be disposed of pursuant to this section.

" * * *

"(B) *A law enforcement agency that has property in its possession* that is required to be disposed of pursuant to this section *shall* make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to *return the property to them at the earliest possible time.*" (Emphasis added.)

R.C. 2933.41 controls with respect to a law enforcement agency's responsibility to return property that has been impounded by that agency to the rightful owner. Accordingly, the city has a duty.

■ The significance of R.C. 2933.41(A) does not end by determining that a relationship exists between the parties but is more expansive in that it eliminates

the city's claimed defense of sovereign immunity. Ohio's sovereign immunity statute is R.C. 2744.02, which states in relevant part:

"(A)(1) Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for * * * loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

" * * *

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code a *political subdivision is liable in damages in a civil action for * * * loss to persons or property* allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

" * * *

"(5) * * * A political subdivision is liable for * * * loss to persons or property *when liability is expressly imposed upon the political subdivision by a section of the Revised Code* * * *. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision * * *." (Emphasis added.)

R.C. 2933.41 imposes a mandatory duty on a law enforcement agency to persons entitled to possession of property in the custody of the agency and imposes liability for a violation of that duty. *Globe Am. Cas. Co. v. Cleveland* (1994), 99 Ohio App.3d 674, 651 N.E.2d 1015; *Bader v. Cleveland* (Feb. 18, 1982), Cuyahoga App. No. 44118, unreported, 1982 WL 2354.

Based upon the totality of the circumstances, there are genuine issues of material fact and both summary judgments must be denied.

IT IS SO ORDERED.

*Motions denied.*