OPINION
Appellants, Aurel Suru and Ilse Suru, appeal the judgment of the trial court granting a directed verdict in favor of appellees, The City of Cleveland and Fred Szabo.[1] For the following reasons, we affirm.
Appellant's presented the following evidence: Ilse Suru purchased a 1983 Audi Turbo 5000 from Steve Paterakis. On the back of his certificate of title, Paterakis executed the assignment and had the assignment notarized. The assignment stated Ilse Noel (n.k.a. Ilse Suru) purchased the vehicle. Appellants never obtained a certificate of title in their own name or filed the assigned certificate with the Bureau of Motor Vehicles. The Bureau of Motor Vehicle's records did not list appellants as owners under the vehicle identification number or serial number.
Aurel Suru worked on the car for a year and a half. When the car was fully restored, appellants placed "For Sale" signs on the car with their telephone number on the signs. The license plates on the car were registered to a different vehicle, owned by Ion Belu, a friend of Aurel Suru.
On July 13, 1996, appellants parked the car on the street. The Cleveland Police towed the vehicle. Appellants never received a citation or written notice.
Ilse Suru called the First District Cleveland Police Station. The civilian police department employee told her that the car was there, but couldn't give her any more information because it was the weekend. Ilse left her name and phone number with the employee who answered the phone. On Monday, Ilse contacted Councilman McQuirk. McQuirk said he would handle it.
Three weeks later, Ilse called the police again, who said they were unable to give out any information. Six weeks after the car had been towed, McQuirk told her to call Fred Szabo of the Transportation Department. In late August, Szabo told Ilse she could present her title to the Clerk of Courts and pick up the car at the police station. The day after she spoke with Szabo, Ilse went to the Clerk's office. The Clerk of Courts told Ilse that the car had been destroyed. There is no evidence that appellants presented any proof of ownership before going to the Clerk's office in late August.
After the close of appellants' case, appellees made a motion for directed verdict, which was granted.
Appellant's sole assignment of error states:
 THE COURT ERRED WHEN IT FOUND THAT OHIO REV. CODE SECTION 4505.04 BARRED THE PLAINTIFFS-APPELLANTS FROM MAINTAINING THEIR CLAIMS AGAINST APPELLEES.
A motion for directed verdict should be granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, reasonable minds could come to but one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4), The Limited Stores, Inc. v. PanAmerican World Airways, Inc. (1992), 65 Ohio St.3d 66.
The trial court granted the directed verdict because appellants did not demonstrate ownership of the vehicle in accordance with R.C. 4505.04. R.C. 4505.04(B states:
 . . . no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 (1) By a certificate of title, a manufacturers or importers certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.21 of the Revised Code.
Appellants did not present a certificate of title issued to them. The thirty day time frame allowed between delivery of the vehicle and applying for a certificate of title had expired. See R.C.4505.06, Morris v. Erieway (1994), 93 Ohio App.3d 239.
Appellants assert that R.C. 4505.04 does not apply to the facts of this case. The purposes of R.C. 4505.04 are: (1) to settle disputes between alleged owners and lien claimants or wrongdoers; (2) to prevent the importation of stolen vehicles, (3) to protect bona fide purchasers from thieves and wrongdoers and (4) to create an instrument evidencing title and ownership of motor vehicles. See Smith v. Nationwide Mutual Insurance Co. (1988),37 Ohio St.3d 150. R.C. 4505.04 is only relevant to.
 the importation of vehicles, rights as between lienholders, rights of bona fide purchasers, and instruments evidencing title and ownership.
Id at 153. If the case does not involve both parties claiming an ownership interest in the motor vehicle, R.C. 4505.04 does not apply. See Western Reserve Casualty Co. v. Mueller (1969),18 Ohio App.2d 307, 309, Grogan Chrysler-Plymouth, Ind. v. Gottfried
(1978), 59 Ohio App.2d 91, Caledrone v. Jim's Body Shop (1991),75 Ohio App.3d 506, 510, Hoegler v. Hampler (1992), 79 Ohio App.3d 280, State v. Rhodes (1982), 2 Ohio St.3d 74, 75.
A plaintiff can recover for property damage to a vehicle without producing a certificate of title, if an ownership interest is shown. See Hoegler, Grogan, supra, Hershey-Reger v.Arnold (Sept. 20, 1995), Summit App. No. 17032, unreported. The purpose of requiring a certificate of title to recover for property damage is to prevent two law suits against the tortfeasor, one by the owner of the vehicle and one by the driver. When there is no legitimate dispute over ownership of the vehicle, the reason for requiring a certificate of title does not exist. See Hardy v. Kreis (June 26, 1998), Lucas App. No. L-97-1352, unreported.
Appellants presented a signed and notarized assignment of title. The City did not claim that they or anyone else had title to the car. There was no genuine dispute over ownership of the vehicle, so appellants were not required to produce a certificate of title issued to them.
Kelly v. City of East Cleveland (April 26, 1984), Cuyahoga App. No. 47438, unreported, is distinguishable because the only evidence of ownership of the vehicle was a certificate of title that was obviously not for the vehicle in question. Bartos v.Village of Valley View (June 7, 1984), Cuyahoga App. No. 47591, unreported, is distinguishable because in that case certificate of title was presented. In any case, these two cases were decided prior to Smith v. Nationwide, supra.
Appellants were not precluded from recovery for conversion due to the lack of a certificate of title issued in appellant's name. The trial court erred in granting a directed verdict based on R.C. 4505.04.
This court may affirm the trial court's grant of a directed verdict if it was proper to grant the motion upon another ground. See Joyce v. General Motors Corp.(1990), 49 Ohio St.3d 93. Appellees contend that they were entitled to a directed verdict because they were a political subdivision or employee of a political subdivision and immune from liability. A political subdivision is liable for negligent acts of its employees in the performance of proprietary functions. R.C. 2744.02(B)(2). he police service of towing suspected stolen vehicles is a government, not a proprietary, function. See R.C. 2744.01(C)(2)(a), Globe Am. Cas. Co. v.Cleveland (1994), 99 Ohio App.3d 674. Once the police discover and notify the owner, the holding of the vehicle may become a proprietary function. See Bader v. City of Cleveland (Feb. 22, 1982), Cuyahoga App. No. 44118, unreported.
In this case, the police were not aware that appellants owned the vehicle. The Bureau of Motor Vehicle records did not show appellants as the owners. The plates on the car were not registered to appellants. Ilse called the police saying that she was the owner, but appellants never presented any proof of ownership to the police. The City never performed the proprietary function of storing the vehicle for appellants. See Peters v. Cincinnati (1995), 105 Ohio App.3d 710.
Even if the City was performing a government function, R.C.2744.02(B)(5) creates an exception to sovereign immunity when another Revised Code section imposes liability. R.C. 2933.41
imposes liability upon the police for failure to safely keep suspected stolen vehicles, to make a reasonable effort to locate the owner, to notify the owner as to when and where the vehicle may be claimed and to return the vehicle to the owner. Globe Am.Cas. Co. v. Cleveland (1994), 99 Ohio App.3d 674[2], see alsoSprague v. Army's Auto Wrecking, Inc. (Allen C.P. 1995), 79 Ohio Misc. 2
d A9.
We must determine if appellants presented evidence from which reasonable minds could conclude that the City failed to follow the mandates of R.C. 2933.41. Appellants assert that the police did not make a reasonable effort to locate and notify the owners of the vehicle. There were no records indicating that appellants were the owners. Appellants did not present any proof of ownership to the police. A reasonable trier of fact can not find that the police are required to notify anyone who calls and claims to own a vehicle. Neither are the police required to call a phone number on a "for sale" sign, which may or may not be the phone number of the owner.
Additionally, appellants were not damaged by any failure to notify them, because appellants already knew that their vehicle was at the First District police station. See Village of ChagrinFalls v. Loveman (1986), 34 Ohio App.3d 212. 217. The required notice only need state where and when the vehicle may be claimed. R.C.2933.41 (B). Appellants were already aware of this information.
Appellants claim that the City failed to safely keep the property and return it to appellants, as required by R.C.2933.41. The statute permits the police to dispose of unclaimed property. R.C. 2933.41 (D). Appellants called the police department twice, saying that the car was theirs. Appellants never actually claimed the vehicle because they never presented any proof of ownership to the police and never paid any storage or towing costs. See R.C. 4513.61 (To reclaim an abandoned vehicle, the owner must pay fines and present proof of ownership). R.C. 2933.41 does not require the police to hold a vehicle for an unlimited period of time, simply because someone calls saying they own the vehicle, if the caller never presents any proof of ownership.
The vehicle was not claimed for six weeks, so the police department waited a reasonable time before disposing of the vehicle. R.C. 2933.41 does not specify a period of time for which the city must hold unclaimed property. R.C. 4513.61 provides that an unclaimed abandoned vehicle may be disposed of ten days after notice to the owner. R.C. 4505.101 states that a garage owner may dispose of an unclaimed vehicle fifteen days after notice to the owner. Thus, a reasonable trier of fact could only find that the City waited a reasonable length of time and lawfully disposed of the property. Bader and Globe, supra, are distinguishable because the damage to the vehicles in those cases occurred within days of notification to the owner.
Reasonable minds can only conclude that the City complied with R.C. 2933.41. The exception to sovereign immunity set out in R.C.2744.02(B)(5) does not apply to this case. The City was performing a government function when it towed and destroyed appellant's vehicle, and is immune from liability. A directed verdict in favor of the City may be upheld on the doctrine of sovereign immunity.
Appellants presented no evidence that Fred Szabo: (1) acted with malicious purpose, in bad faith or in a wanton or reckless manner, or (2) that he acted outside the scope of his employment. See R.C. 2744.03(A)(6). Additionally, appellants do not cite to any statute that imposes liability upon Szabo, an employee of the Department of Transportation. See R.C. 2744.03(A)(6). Szabo was entitled to a directed verdict on the ground of sovereign immunity. Furthermore, appellants presented no evidence showing how Szabo's actions resulted in damage to them.
Appellees also contend that appellants did not prove the elements of conversion. To prove conversion, the plaintiff must show a wrongful or unauthorized act of control or dominion over the plaintiff's property. See Taylor v. First National Bank ofCincinnati (1986), 31 Ohio App.3d 49, Ohio Tel. Equip. Sales,Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91. The impounding of appellant's vehicle was not wrongful, as the City of Cleveland Ordinances authorize police to tow vehicles with illegal plates. See Cleveland Codified Ordinances Section 435.09 (f), 405.02. As discussed above, the act of destroying the vehicle was not wrongful, because the City waited a reasonable length of time to dispose of the unclaimed property. The City was also entitled to a directed verdict because appellants did not prove the elements of conversion.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND BLACKMON. J., CONCUR.
ANN DYKE, PRESIDING JUDGE.
[1] "At the beginning of the trial, the trial court granted appellants motion to voluntarily dismiss their claims against Fred Szabo without prejudice. No journal entry states that Fred Szabo was dismissed without prejudice. See Civ. R. 58. Thus, Fred Szabo is an appellee herein.
[2] Globe still applies to this case because the cause of action arose in August, 1996, before the effective date of Am. Sub. H.B. No. 350. which amended R.C. 2744.02(B)(5). Under the newer version of R.C. 2744.02(B)(5), a statute does not impose liability on a political subdivision simply by setting out a mandatory duty.