I reluctantly concur with the decision of the majority. Although the majority opinion has been correctly decided under this court's decision in Globe Am. Cas. Co. v. Cleveland (1994),99 Ohio App.3d 674, the Globe case was clearly erroneous. Unfortunately, this court is obliged to follow this binding authority.
The version of R.C. 2744.02(B)(5), as effective when this case arose, provided:
 In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued.
(Emphasis added.)
Pursuant to former R.C. 2744.02(B)(5), a political subdivision could have been held liable for loss in connection with a governmental function only if another Revised Code section expressly imposed liability upon the performance of that governmental function. However, liability should not have been implied merely because another statute imposed responsibilities upon a political subdivision.
Notwithstanding the clear language of former R.C. 2744.02(B) (5), the Globe court construed liability to exist under R.C.2933.41 because mandatory duties were imposed upon political subdivisions under that statute.
In the instant case, R.C. 5104.11 expressly imposes a mandatory duty upon the County to perform conduct that is required by the statute. R.C. 5104.11 does not expressly impose liability upon county human services departments and agencies for the breach of the responsibilities contained therein. Pursuant to Globe, however, we are bound to imply liability based upon the word "shall" in R.C. 5104.11 and the imposition of a mandatory duty.
Fortunately, R.C. 2744.02(B)(5) has since been amended, effective June 30, 1997, to provide:
 * * * Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.
(Emphasis added.) Therefore, the Globe decision will eventually become moot and no longer have precedential value in this court.