BROADVUE MOTORS, INC., Appellee,

v.

CHIEF OF POLICE, CITY OF MAPLE HEIGHTS, Appellant.

[Cite as *Broadvue Motors, Inc. v. Maple Hts. Police* (1999), 135 Ohio App.3d 405.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74808.

Decided Oct. 12, 1999.

*Russell W. Harris*, for appellee.

*Kenneth J. Fisher*, Assistant Law Director, for appellant.

SPELLACY, Judge.

Defendant-appellant, the Chief of Police, city of Maple Heights ("Maple Heights"), appeals from the judgment of the trial court finding that Maple Heights did not follow the proper procedure in declaring a vehicle owned by plaintiff-appellee, Broadvue Motors, Inc., d.b.a. Ganley Lincoln Mercury ("Ganley") forfeited.

Maple Heights assigns the following errors for review:

"I. The trial court committed reversible error by analyzing appellant's forfeiture of appellee's vehicle under R.C. § 4513.63 (junk motor vehicles) when in fact said vehicle was properly forfeited pursuant to R.C. § 4513.61 (abandoned motor vehicles).

"II. The trial court erred in not finding that appellant lawfully forfeited appellee's vehicle pursuant to R.C. § 4513.61.

"III. The trial court committed reversible error in awarding appellee compensatory damages where there was a failure of proof on damages.

"IV. The trial court erred in ruling that R.C. § 2744.02(A) does not provide appellant governmental immunity against damages on appellee's complaint."

Finding the third assignment to have merit, the judgment of the trial court is affirmed in part and reversed in part.

I

On June 3, 1995, a citizen stopped Maple Heights Police Officers Blaha and Burton to complain about an automobile that had been parked on the street for a couple of days. The officers pulled up to the vehicle in question, a new 1995 Mercury Grand Marquis worth in excess of $20,000. The officers discovered that the Grand Marquis had fictitious license plates. Terrence Sanders approached the police officers and explained that the car had been loaned to him by Ganley. Sanders telephoned Ganley and the police dispatcher also contacted Ganley. The dispatcher advised Ganley that the vehicle would be towed and to bring a dealer

tag or proof of ownership to retrieve the automobile. The tow report filed by Officer Blaha listed Ganley as the owner.

Upon his return to the police station, Officer Blaha telephoned Ganley and spoke to a person who identified himself as the general manager. Officer Blaha informed the general manager of what steps Ganley needed to take to regain possession of the Grand Marquis. On July 3, 1995, Officer Blaha sent a certified letter to Ganley advising Ganley that the Grand Marquis had been impounded as a junk vehicle abandoned on public property. The letter stated that the automobile would be at the towing company for ten days and would become the property of Maple Heights if not claimed. The receipt for the certified letter was signed by Andy Tracy, the new car/finance manager at Ganley.

On August 10, 1995, Officer Blaha requested that a title search of the vehicle be done. The Ohio Bureau of Motor Vehicles reported it had no record of the Grand Marquis. A certificate of title is not issued until a dealer sells a vehicle to a customer. The dealership has a certificate of origin issued by the manufacturer that is kept until the automobile is retailed.

On September 5, 1995, Officer Blaha filled out an unclaimed and abandoned junk motor vehicle affidavit to begin the process of obtaining title to the Grand Marquis pursuant to R.C. 4513.61. The space for the name of the vehicle's owner was left blank. Salvage title to the Grand Marquis was obtained with the Maple Heights Chief of Police listed as owner. Radio equipment was installed in the automobile, which was driven by the mayor of Maple Heights and police detectives.

In December 1995, Ganley realized the Grand Marquis was missing from its inventory. Ganley reported the apparent theft to the Middleburg Heights police department. Ganley eventually learned that the automobile was in the possession of the city of Maple Heights. Maple Heights refused to return the Grand Marquis to Ganley upon Ganley's request in November 1996.

On February 19, 1997, Ganley filed a complaint for declaratory judgment, asking the trial court to declare the salvage certificate of title to be null and void and declare that Ganley was the owner of the vehicle. Ganley later amended its complaint to add a prayer for damages. After denying both parties' motions for summary judgment, the trial court held a hearing on the matter. The trial court found that the Grand Marquis did not meet the definition for an "abandoned junk motor vehicle," which is set forth in R.C. 4513.63. The trial court concluded that Maple Heights could not convert the automobile to its own use when it knew the vehicle belonged to Ganley. The trial court declared that Maple Heights had no ownership interest in the Grand Marquis and ordered the vehicle returned to Ganley. Maple Heights was ordered to pay Ganley $3,600 for rent and $5,025 for mileage.

## II

■ Maple Heights' first and second assignments of error will be addressed together. Maple Heights argues that the trial court committed reversible error by analyzing its forfeiture of the Grand Marquis under R.C. 4513.63 as a junk vehicle. Maple Heights avers that the automobile actually was forfeited pursuant to R.C. 4513.61, which governs abandoned vehicles. Maple Heights asserts it fully complied with the dictates of R.C. 4513.61.

R.C. 4513.61 requires the police to have a search conducted of the records of the Bureau of Motor Vehicles to discover the owner of the abandoned vehicle and states that notice must be sent to the owner by certified mail. If the vehicle is not claimed within ten days, the vehicle may be disposed of pursuant to R.C. 4513.62. The chief of police must file an affidavit with the county clerk of courts showing compliance with R.C. 4513.61. Once the affidavit is filed, a salvage certificate of title will be issued to the chief of police. If the vehicle is disposed of pursuant to R.C. 4513.62, an affidavit must be executed by the chief of police describing how the vehicle was disposed of and that all the requirements of R.C. 4513.61 were followed.

Although the Maple Heights Police Department did technically follow R.C. 4513.61 by having the Bureau of Motor Vehicles conduct a certificate of title search, Maple Heights admits it knew Ganley owned the vehicle in question. Further, Maple Heights should have been aware that a certificate of title would not be issued for an automobile that had not yet been sold by a dealer. The affidavit executed by Maple Heights to obtain the salvage title did not list an owner. Instead, Maple Heights relied on the title search to imply that there was no owner. Maple Heights was aware of the identity of the owner, yet, basically, relied upon a technicality to obtain title to the Grand Marquis. Therefore, Maple Heights did not truthfully fill out the affidavit. The trial court correctly declared the title null and void. Whether the trial court relied upon R.C. 4513.63 or R.C. 4513.61, the result is the same. Any error was harmless. The trial court's order returning ownership and possession of the Grand Marquis is upheld.

Maple Heights' first and second assignments of error lack merit.

## III

■ Maple Heights' third assignment of error challenges the award of damages to Ganley. After the conclusion of counsels' questioning of Ganley's sole witness, general manager Richard Courey, Sr., the trial court asked Courey what the approximate cost would be to lease the Grand Marquis for a month. Courey answered that the cost would be between $250 and $300 per month. The trial court awarded damages based upon a figure of $200 a month for Maple Heights'

failure to return the Grand Marquis after Ganley's request and fifteen cents per mile for driving the car 33,500 miles.

The plaintiff bears the burden of proving damages. Damages cannot be awarded if the plaintiff fails to meet this burden by presenting adequate proof. *Henderson v. Spring Run Allotment* (1994), 99 Ohio App.3d 633, 641, 651 N.E.2d 489, 495. Evidence of damages must be shown with a reasonable degree of certainty. A plaintiff may not recover speculative damages. *Glenwood Homes, Ltd. v. State Auto Mut. Ins. Co.* (Oct. 1, 1998), Cuyahoga App. No. 72856, unreported, 1998 WL 685493. A plaintiff must prove the extent of his damages to be entitled to compensation. *Akro–Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 250.

No evidence was presented at trial at all regarding compensation for added mileage caused by Maple Heights' use of the Grand Marquis. Ganley could not recover these damages for failure to present any proof below on the matter.

The trial court also awarded damages for rent based upon the trial court's inquiry as to the cost of a lease. The issue of damages for Maple Heights' use of the vehicle was never addressed by Ganley. In its amended complaint and during trial, Ganley only requested damages for the invoice price of the Grand Marquis. Thus, the trial court awarded damages that were not requested or proven by the plaintiff. The award of the figure of $200 per month appears to be purely speculative.

Ganley offered no proof to support the damages awarded for mileage and for "leasing" the vehicle. Ganley did not ask for these damages. Because there was a failure of proof on the issue, the trial court erred by awarding damages of $3,600 for rent and $5,025 for mileage. If a plaintiff fails to meet its burden of proof on damages, an appeals court will not remand the issue for the correct determination of compensatory damages; rather, the plaintiff is foreclosed from recovering damages. *Spalding v. Coulson* (Sept. 3, 1998), Cuyahoga App. Nos. 70524 and 70538, unreported, 1998 WL 564054. Ganley cannot recover damages for mileage or for Maple Heights' use of the vehicle.

Maple Heights' third assignment of error is sustained.

IV

In its fourth assignment of error, Maple Heights contends that the trial court erred in finding that Maple Heights was not immune from the award of damages under R.C. 2744.02(A). Maple Heights argues that it was engaged in a governmental function when it obtained a salvage title to the Grand Marquis, making it immune from liability.

The broad immunity from civil liability granted to political subdivisions under R.C. 2744.02(A) is subject to enumerated exceptions, which are set forth in R.C. 2744.02(B). In *Globe Am. Cas. Co. v. Cleveland* (1994), 99 Ohio App.3d 674, 678, 651 N.E.2d 1015, 1017, this court held that sovereign immunity will not shield a political subdivision from liability when another provision of the Revised Code expressly imposes liability. See R.C. 2744.02(B)(5).

Before Maple Heights could obtain a salvage title to the Grand Marquis, it was required to file an affidavit with the clerk of courts demonstrating compliance with the requirements of R.C. 4513.61. It already has been determined that the affidavit Maple Heights filed incorrectly showed that the owner was unknown. Therefore, Maple Heights did not comply with the requirements of R.C. 4513.61.

Further, R.C. 2933.41 requires a law enforcement agency that lawfully seizes and keeps property to make a reasonable effort to locate the person entitled to possession of the property and return the property to that person at the earliest possible time. In *Globe*, this court determined that R.C. 2933.41 controlled with respect to the return of stolen property to the true owner. *Id.* at 678–679, 651 N.E.2d at 1017–1018. Similarly, R.C. 2933.41 also may control regarding property lawfully impounded by a law enforcement agency. Maple Heights filed an affidavit under R.C. 4513.61 that was misleading regarding its knowledge of the owner of the Grand Marquis. The correct information may have led to the return of the vehicle to Ganley. Because Maple Heights did not comply with R.C. 4513.61, it had to fulfill the dictates of R.C. 2933.41 and return the vehicle to its proper owner at the earliest possible time. Maple Heights' failure to do so constitutes an exception to the doctrine of sovereign immunity. Accord *Globe, supra.*

Maple Heights' fourth assignment of error is overruled.

The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded.

*Judgment accordingly.*

PORTER, A.J., and TIMOTHY E. MCMONAGLE, J., concur.