JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant Lena Swanson appeals from the January 31, 2007 order of the Cuyahoga County Court of Common Pleas finding the city of Cleveland (the "city") immune from civil liability on appellant's claims and granting summary judgment for the city. Appellant raises a single assignment of error asserting that the city was not entitled to sovereign immunity under the facts of this case. Because we find that none of the exceptions to immunity found at R.C. 2744.02(B)(2) apply, we affirm the judgment of the trial court.
 {¶ 2} The following facts are not in dispute. On May 29, 2003, appellant's boyfriend, Charles Nickelberry, was driving her car, a 1989 Cadillac. Nickelberry ran a red light and was stopped by the Cleveland police. After the police found drugs on him and in the car, Nickelberry was arrested and the car seized and impounded by the police. On November 19, 2003, Nickelberry entered pleas of guilty to charges of drug possession and drug trafficking.
 {¶ 3} Appellant alleges she contacted the police on a number of occasions to try to get the car back. On September 19, 2003, Nickelberry filed a motion in his criminal case for return of the vehicle to appellant. This motion was granted at the plea hearing on November 19, 2003, and the court ordered the car returned to appellant. However, when appellant tried to get her car back per the court order, it was discovered that the car had been disposed of months earlier. Police records show the car was ordered disposed of as salvage pursuant to an unclaimed and *Page 4 
abandoned junk motor vehicle affidavit filed by an agent of the Cleveland police on August 8, 2003.
 {¶ 4} In December 2005, appellant filed an action against the city seeking damages for the value of the car and for her loss of its use. The city filed a motion for summary judgment on the grounds that it was a political subdivision and therefore immune from civil liability under Chapter 2744 of the Revised Code. The trial court granted the city's motion finding that none of the exceptions to immunity applied and the city was entitled to judgment as a matter of law.
 {¶ 5} Appellant asserts that the trial court improperly applied the law of immunity and therefore erred in granting summary judgment for the city.
 {¶ 6} We review the granting of summary judgment under a de novo standard. We afford no deference to the trial court's decision, and independently review the record to determine whether summary judgment is appropriate.
 {¶ 7} Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp.,73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-59, 1992-Ohio-95. *Page 5 
 {¶ 8} The party moving for summary judgment carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party does meet this burden, the nonmoving party must then rebut with specific facts showing the existence of a genuine issue of material fact; the nonmoving party may not rest on the mere allegations or denials of her pleadings. Id. Material facts are those facts "that might affect the outcome of the suit under the governing law." Turner v. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 9} The city contends that under R.C. 2744.02(A)(1), it is immune from negligent acts committed while performing governmental or proprietary functions, and that none of the exceptions to immunity found under R.C. 2744.02(B) are applicable because the seizing, impounding, and destroying of appellant's car by the police department is a governmental function.
 {¶ 10} In Greene Cty. Agricultural Soc. v. Liming, 89 Ohio St.3d 551,556, 2000-Ohio-486, the Ohio Supreme Court established a three-tiered analysis for determining whether a political subdivision is immune from liability under Chapter 2744. The first tier provides a general grant of immunity, stating that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political *Page 6 
subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). The second tier involves an analysis of whether any of the exceptions to immunity, located in R.C. 2744.02(B), apply. Finally, in the third tier of analysis, if it appears one of the stated exceptions to immunity applies, immunity may be reinstated if the political subdivision can successfully assert one of the defenses to liability listed in R.C.2744.03.
 {¶ 11} The city of Cleveland is a municipal corporation and therefore a political subdivision as defined by R.C. 2744.01(F). Under the first tier of analysis, the general grant of immunity contained in R.C.2744.02(A)(1) applies in this case.
 {¶ 12} Under the second tier of analysis the city may be liable for the negligent acts of its employees if one of the exemptions under R.C.2744.02(B) applies. Appellant asserts that the city is not immune from liability because the police operation of the impound lot is a proprietary function and pursuant to R.C. 2744.02(B)(2) a political subdivision may be liable for the negligent acts of its employees in the performance of proprietary functions. Appellant also claims an exception to immunity under R.C. 2744.02(B)(5), which provides an exception to immunity when another statute imposes liability. Appellant contends that R.C. 2933.41 specifically imposes liability on the city for the failure to return a vehicle to its rightful owner when it is no longer needed for evidence.
 Applicability of R.C. 2744.02(B)(2) *Page 7 {¶ 13} The provision of police services is a governmental function. See R.C. 2744.01(C)(2)(a). In this case, the police lawfully seized and impounded appellant's vehicle as part of a criminal investigation into suspected drug activity. The police power to impound a motor vehicle constitutes a governmental function. See Globe Am. Cas. Co. v.Cleveland (1994), 99 Ohio App.3d 674. This court has recognized that in limited circumstances police action that begins as a governmental function may transform into a proprietary function as the action progresses. Bader v. Cleveland (Feb. 18, 1982), Cuyahoga App. No. 44118
 {¶ 14} In the Bader decision, we found that while the towing and impounding of suspected stolen vehicles was a governmental function of the police department, the subsequent holding and storage of those vehicles by the police in their impound lot, after notice to the owners, could become a proprietary function. We reasoned, "[a]t some time after each vehicle had been identified and its owner notified, police contact with that vehicle amounted to nothing more than storage. When that time arrived in any particular case is a question of fact dependent upon all the circumstances." Id. According to Bader, once it was determined that the city's governmental function had ended and the proprietary function began, the city became liable for its negligent acts with regard to that vehicle.
 {¶ 15} We find that Bader can be factually distinguished from the case at bar. In the instant case, appellant's vehicle was lawfully seized as part of a criminal investigation. Therefore, the city had a duty pursuant to R.C. 2933.41(B) to "make a *Page 8 
reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time." The city claims it notified appellant to retrieve her car and that because she failed to do so, it took the steps necessary to dispose of the vehicle. The statute permits the police to dispose of unclaimed property. R.C. 2933.41(D). The unclaimed and abandoned junk motor vehicle affidavit filed by the city certifies that all of the statutory requirements were met prior to disposing of the vehicle. Accordingly, under the facts and circumstances of this particular case, we agree with the city that the police actions of seizing, impounding, and destroying appellant's car were strictly governmental functions. As there was no proprietary function, R.C. 2744.02(B)(2) does not apply in this case as an exception to the city's general immunity.
 Applicability of R.C. 2744.02(B)(5) {¶ 16} R.C. 2944.02(B)(5) states:
 {¶ 17} "In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section *Page 9 
provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision."
 {¶ 18} R.C. 2933.41(A)(1), since repealed but in effect at the time of the incident, stated in part that "any property * * * lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section." There is no question that pursuant to R.C. 2933.41, the city had a statutory duty to return appellant's vehicle to her when it was no longer needed in the criminal investigation and prosecution of her boyfriend, Charles Nickelberry. However, the decisive issue here is not whether the city had a statutory duty to return the car, but whether the city can be held liable for damages resulting from its negligent failure of that duty.
 {¶ 19} Appellant relies upon our decision in Globe Am. Cas. Co. v.Cleveland (1994), 99 Ohio App.3d 674, in which we found that R.C.2933.41 constituted an exception to the sovereign immunity doctrine under R.C.2744.02(B)(5), and therefore the city was not immune from liability for damages resulting from its failure to return a vehicle it had impounded. We found that the language of the statute imposed a mandatory duty on the law enforcement agency to return the property to the entitled persons at the earliest possible time and reasoned that, since the *Page 10 
language established a mandatory duty, it also followed that the statute expressly imposed liability upon the party in violation of such mandatory duty. Id. at 679.
 {¶ 20} However, subsequent to the Globe decision, R.C. 2744.02(B)(5) was amended. Under the newer version, "[c]ivil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision." Id.
 {¶ 21} Additionally, the Supreme Court of Ohio has specifically questioned the holding in Globe. In Butler v. Jordan, 92 Ohio St.3d 354,357, 2001-Ohio-204, the court refused to equate the concepts of "duty" and "liability" stating:
 {¶ 22} "Appellee, like the court of appeals, relies upon Globe Am.Cas. Co. v. Cleveland (1994), 99 Ohio App.3d 674, 679, 651 N.E.2d 1015,1018, to support the proposition that a statute, by imposing an express duty, also imposes express liability. However, R.C. 2744.02(B)(5) specifically provides to the contrary. `Expressly' means `in direct or unmistakable terms: in an express manner: explicitly, definitely, directly.' * * * Webster's Third New International Dictionary (1986) 803."
 {¶ 23} While R.C.2933.41 imposes an express duty on the city to keep appellant's seized vehicle safe until it is no longer needed, and to return it to her at *Page 11 
the earliest possible time thereafter, there is no language in the statute that imposes an express liability on the city for its failure to carry out that duty. Without direct or unmistakable terms imposing civil liability upon the city, R.C. 2744.02(B)(5) does not apply.
 {¶ 24} Neither of the exceptions to immunity found at R.C.2744.02(B)(2) and (B)(5) are applicable under the facts of this case. Therefore, pursuant to R.C. 2744.02(A)(1), the city is immune from liability for damage to, or the loss of, appellant's vehicle resulting from the negligent handling of the vehicle while in the possession of the police department. The trial court did not err in granting summary judgment to the city on appellant's claims. Appellant's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1