DECISION
{¶ 1} Plaintiff-appellant, Hamilton Acceptance Corporation ("HAC"), appeals from a judgment of the Franklin County Municipal Court granting the summary judgment motions of defendants-appellees, Franklin County Sheriff ("sheriff's office") and Gothard's Towing, Inc. ("Gothard's Towing"). Because the record reveals a genuine issue of material fact, we reverse.
 {¶ 2} On February 15, 2001, HAC filed a complaint in the Franklin County Municipal Court, contending defendants had violated R.C. 4513.61
et seq. in disposing of a motor vehicle on which HAC held a valid lien. In addition, HAC asserted a claim for conversion. The sheriff's office filed a motion to dismiss pursuant to Civ.R. 12(B)(6), contending it was immune from suit pursuant to R.C. Chapter 2744, but the trial court overruled the motion. Ultimately, both defendants filed answers.
 {¶ 3} On December 18, 2001, the trial court granted HAC's request for leave to file an amended complaint. HAC's amended complaint alleged that defendants negligently, recklessly, and/or intentionally disposed of the vehicle at issue without following the requirements set forth in R.C. 4513.62, and that defendants further did not comply with R.C. 2933.41
in disposing of the vehicle. The amended complaint included a claim of conversion and unjust enrichment, as did the original complaint, and in addition sought a declaratory judgment that the sheriff's office lacked sovereign immunity because it failed to comply with R.C. 2933.41 and4513.61 et seq. Following defendants' answers to the amended complaint, the matter was referred to a magistrate for trial.
 {¶ 4} The magistrate, however, heard the matter on defendants' motions for summary judgment and HAC's cross-motions for summary judgment. On August 15, 2002, the magistrate issued a decision; the trial court adopted it the next day, granting summary judgment to defendants. HAC filed timely objections to the magistrate's decision, which the trial court overruled on January 14, 2003. HAC appeals, assigning the following error:
The trial court erred in overruling Appellant's objections to the Magistrate's report and in granting summary judgment when multiple material facts were in dispute including whether the unclaimed motor statute used by the Franklin County Sheriff to obtain a certificate of title applied to the facts of this case, whether the Franklin County Sheriff complied with the requirements of the unclaimed motor vehicle statute, whether the Franklin County Sheriff sent out a defective notice informing a lienholder to claim the car, whether the Franklin County Sheriff filed a false and defective unclaimed motor vehicle affidavit, whether the Franklin County Sheriff properly disposed of the vehicle when it transferred a vehicle to Gothard's Towing for no consideration when the vehicle had a fair market value in the sum of $7000.00, whether the Franklin County Sheriff and Gothard's Towing converted the vehicle and were unjustly enriched when they refused to release the vehicle to Appellant, a finance company with a valid lien on the certificate of title.
 {¶ 5} HAC's single assignment of error asserts the trial court erred in granting summary judgment to defendants, as the record reflects genuine issues of material fact. An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila at 430; Civ.R. 56(E). See, also, Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
 {¶ 7} Much, though not all, of the evidence presented in the trial court is undisputed. According to the materials filed in connection with the summary judgment motions, Johanna Smith purchased a 1996 Ford Contour on February 25, 1999, for $7,500. She arranged financing in the amount of $7,610.12 through HAC, and on March 5, 1999, HAC noted its lien on the title to the car. Smith ceased making payments on November 8, 1999, leaving an unpaid balance in the sum of $7,549.76, with interest at the rate of 21 percent per annum. According to HAC, it was unaware of the location of the vehicle until February 21, 2000, when it received mail notice that the car was in the possession of defendants.
 {¶ 8} According to the affidavit of Deputy Bryan Meister of the Franklin County Sheriff's Office, the car came into the possession of the sheriff's office on December 9, 1999, at 4:37 a.m., when Meister was on patrol and stopped the 1996 Ford Contour that Johanna Smith was driving. He arrested her for failure to signal, driving without an operator's license, and driving under an FRA suspension. A LEADS check indicated the license plates on the Ford were to be seized. The car was impounded at Gothard's Towing. According to the report Meister filed, the plates were mailed to the Ohio Bureau of Motor Vehicles ("BMV") on December 9, 1999.
 {¶ 9} Judy Coyle, the Administrative Assistant in the Patrol Division of the sheriff's office, was the supervisor of the impound coordinator. According to her affidavit, on December 9, 1999, a 1996 Ford was impounded at Gothard's Towing. In addition, on December 10, 1999, a certified letter was sent to Johanna Smith pursuant to R.C. 4513.62 to retrieve the vehicle; the letter was signed for on January 8, 2000. On December 10, 1999, an affidavit was sent to the BMV for a title search of the car. An affidavit was returned on or about February 16, 2000, listing HAC as the lienholder. Coyle's affidavit states that on or about February 16, 2000, a certified letter was sent to HAC to retrieve the vehicle; the letter was signed for on February 18, 2000.
 {¶ 10} Coyle's affidavit continues by stating that on March 1, 2000, she received correspondence from HAC demanding return of the vehicle. The same day she attempted to call the HAC representative who sent the correspondence, and she also faxed copies of the certified mail receipt to HAC. The next day, R. Christopher Bowman, Vice-President of HAC, contacted Coyle and kept repeating that HAC had not been notified until "on or about February 21, 2000." Coyle referred the matter to Deputy David McMannis. According to his affidavit, on March 3, 2000, McMannis had two telephone conversations with Bowman regarding the 1996 Ford. In one of the conversations, Bowman had no explanation, when asked, for why he had not contacted the sheriff's office until March 1, 2000.
 {¶ 11} In response to the affidavit submitted with the summary judgment motion of the sheriff's office, Bowman submitted an affidavit explaining that he did not receive notice until February 21, 2000 that the car was in the possession of the sheriff's office and Gothard's Towing. According to Bowman, Ray Barte, who signed the certified mail receipt for HAC was actually an employee of Bill Swad Chevrolet; HAC's mail was delivered to the same drop box, and Swad's employees sorted it. As a result, even though the letter was accepted on February 18, HAC was not aware of it until February 21.
 {¶ 12} Bowman's affidavit further avers that on or about February 28, 2000, he called Linda McGuire of the sheriff's office and asked her to release the car to him. She refused; she said she would have to do some investigating and would get back in touch with him. She also requested that Bowman contact Gothard's Towing to "try to work out something." (Bowman Affidavit ¶ 13.) On February 28, Bowman then spoke to Dana Hale, an employee of Gothard's Towing and inquired about the cost to redeem the car. Hale said that Gothard's Towing already had title to the car. Hale refused to release the car to HAC and refused to give HAC a price for which it could redeem the car. On March 1, 2000, Bowman wrote a letter to the sheriff's office, demanding return of the car, but the sheriff refused to release the car to HAC.
 {¶ 13} According to Bowman's affidavit, the sheriff's office filed an unclaimed motor vehicle title on February 23, less than 10 days after the date the sheriff's office claims to have mailed the certified mail notice to HAC. Moreover, Bowman's affidavit states that, according to the unclaimed motor vehicle title, the sheriff's office transferred his interest in the car to Gothard's Towing for $40, despite the fair market value of the car being approximately $7,000.
 {¶ 14} In addressing HAC's assigned error, we preliminarily note that HAC, both in its response to defendants' summary judgment motions and in its brief on appeal, contends R.C. 4513.61 et seq. does not apply to the facts of this case. Instead, HAC seeks to apply R.C. 4503.233 et seq., which deals with immobilization and impoundment orders. On the basis of this record, we have some difficulty in determining with certainty whether the provisions of R.C. 4503.233 would apply. Given the charges arising from the December 9 stop, HAC may posit a plausible argument that R.C. 4503.233 applies here. HAC's complaint and amended complaint, however, both allege defendants violated R.C. 4513.61 et seq. and R.C. 2933.41. Not until defendants moved for summary judgment on HAC's allegations under R.C. 4513.61 did HAC suggest those statutes might not apply. Because HAC did not amend its complaint accordingly, we cannot conclude the trial court erred in applying R.C. 4513.61 et seq., rather than R.C. 4503.233 et seq., to the facts of this case.
 {¶ 15} According to R.C. 4513.61, the "sheriff of a county * * * may order into storage any motor vehicle * * * that has come into the possession of the sheriff * * * as a result of the performance of the sheriff's * * * duties * * *." Here, Johanna Smith was stopped for a failure to signal, and a LEADS check indicated her license plates were to be seized. Given those facts, and Smith's arrest, the vehicle was impounded and thus came into the sheriff's possession as a result of the deputy sheriff's performing his duties that morning.
 {¶ 16} R.C. 4513.61 requires that the sheriff immediately ascertain the identity of the owner and lienholder of the motor vehicle ordered into storage and send them notice, by certified mail with return receipt requested, at their last known addresses. The notice is to advise that the motor vehicle "will be declared a nuisance and disposed of if not claimed within ten days of the date of mailing of the notice." R.C.4513.61.
 {¶ 17} In response to the notice, the owner or lienholder may reclaim the vehicle on payment of any expenses or charges incurred in its removal from storage and on presentation of proof of ownership. On the other hand, if the owner or lienholder fails to claim the vehicle within ten days of the date of the notice's mailing, the sheriff may execute, in triplicate, an affidavit prescribed by the Registrar of the BMV (1) describing the motor vehicle and the manner in which it was disposed of, and (2) averring that all requirements of the section have been met. On presentation of the affidavit, the clerk of courts issues a salvage certificate to the new owner, free and clear of all liens and encumbrances. Id.
 {¶ 18} Here, the sheriff mailed notice on February 16, 2000; Ray Barte signed for the letter on February 18, 2000. On February 21, HAC became aware of the letter, and on February 23, the sheriff signed an affidavit to transfer the car to Gothard's Towing. At that point in the chronology, the affidavits submitted in connection with the summary judgment motions reveal a genuine issue of material fact. Specifically, even though the statute requires the lienholder to respond within ten days after mailing of the sheriff's notice, the letter the sheriff sent to HAC required HAC to respond within ten days after receipt of the notice. HAC asserts that, even if receipt is deemed to have occurred on the day Ray Barte signed for the letter, HAC was in touch with the sheriff's office within ten days, having contacted the sheriff's office on or about February 28. The sheriff's office disputes the affidavit, contending HAC did not contact the sheriff until March 1, 2000.
 {¶ 19} The trial court, through its magistrate, apparently resolved the dispute and concluded HAC did not contact the sheriff until March 1. On summary judgment, however, the trial court is not permitted to resolve factual disputes. Because the record reveals a genuine issue of material fact, the trial court improperly resolved HAC's R.C. 4513.61
claim on summary judgment. Moreover, because the failure to comply with the statute was the premise for HAC's conversion, negligence and unjust enrichment claims, the trial court improperly granted summary judgment on those claims as well.
 {¶ 20} HAC also contends the sheriff's office violated R.C. 2933.41, which applies to "property * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency." R.C.2933.41(A)(1). According to the statute, the property "shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section." Id. By their terms, R.C. 4513.61
and 2933.41 arguably overlap to some extent. See Broadvue Motors, Inc. v. Chief of Police, City of Maple Heights (1999), 135 Ohio App.3d 405
(applying R.C. 2933.41 and 4513.61 regarding property lawfully impounded by a law enforcement agency).
 {¶ 21} In Broadvue Motors, the car at issue had been stolen, arguably making the car evidence in the case and rendering not just R.C.4513.61, but also R.C. 2933.41 applicable. By contrast, the vehicle at issue here was impounded because it had neither a driver nor license plates; the car was not otherwise implicated in the charges against Johanna Smith and was not being kept as evidence in the case. As a result, R.C. 2933.41 does not apply here. Cf. Steward v. City of Columbus (Sept. 10, 1998), Franklin App. No. 97APG12-1567 (applying R.C. 2933.41
to a seizure of motor vehicle pursuant to R.C. 4511.195). The trial court properly applied R.C. 4513.61 et seq., the statutes under which the sheriff's office sent notice to HAC.
 {¶ 22} Lastly, Bowman's affidavit raises another issue and states the sheriff's office transferred its interest in the motor vehicle on February 23, less than ten days after HAC's receipt of notice from the sheriff's office. Coyle's affidavit concedes the paperwork for transferring the car was "processed prematurely," but states the error was noted, and the title was not changed until February 28. (Coyle affidavit ¶ 16.) If, on remand, the trier of fact determines HAC gave notice to the sheriff's office within the required ten days under R.C. 4513.61, then the facts indicating the sheriff's office transferred title to Gothard's Towing are problematic, whether the transfer occurred on February 23 or February 28. If, however, the finder of fact determines HAC did not contact the sheriff's office within the required ten days, then the errors HAC notes in the manner the sheriff's office processed the paperwork and facilitated issuance of title to Gothard's Towing are not prejudicial to HAC on this record. A similar analysis applies to R.C. 2933.41, if the trial court determines it applies. The trial court, however, may explore the issue more fully after the ten-day notice issue is resolved. At the same time, the trial court may address the immunity issue, if appropriate.
 {¶ 23} Given the foregoing, we sustain HAC's single assignment of error to the extent indicated, reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
PETREE, P.J., and WATSON, J., concur.