**PETERS, Appellant,**

v.

**CITY OF CINCINNATI, Appellee.**

[Cite as *Peters v. Cincinnati* (1995), 105 Ohio App.3d 710.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940820.

Decided Aug. 16, 1995.

*Graydon, Head & Ritchey* and *Daniel E. Burke,* for appellant.

*Fay D. Dupuis,* City Solicitor, and *Geri Hernandez Geiler,* for appellee.

HILDEBRANDT, Judge.

By order of the Cincinnati police, an automobile owned by Steven Peters ("appellant") was deemed abandoned and was subsequently towed and destroyed pursuant to R.C. 4513.63. The trial court granted summary judgment in favor of appellee city of Cincinnati ("appellee"), finding that there were no genuine issues of material fact. Appellant raises one assignment of error challenging that summary judgment, and he makes three arguments in support of his asserted error. In view of our disposition of his third argument, his other arguments are rendered moot.

In his third argument, appellant contends that there is a genuine issue of fact as to whether appellee is immune from liability because the towing of junk vehicles is customarily engaged in by nongovernmental persons, thereby making it a proprietary function. He also argues that there is a question of fact as to whether his car created a health hazard. We disagree.

R.C. 2744.02(A) forbids the imposition of liability upon political subdivisions in connection with a governmental or proprietary function, absent application of the exceptions set forth in R.C. 2744.02(B). The pertinent definition of a governmental function is "[a] function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function." R.C. 2744.01(C)(1)(c).

Excepted from nonliability is a loss to persons or property as a result of "the negligent performance of acts by [a political subdivision's] employees with respect to proprietary functions of the political subdivision." R.C. 2744.02(B)(2). A proprietary function is defined, in pertinent part, as a function "that promotes or preserves the public peace, health, safety, or welfare and that involves activities

that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1)(b).

First, we note that the immunity statutes do not necessarily require the presence of a health hazard; they immunize functions that promote and preserve the public health, safety and welfare. We have no problem with concluding that the disposal of an abandoned automobile falls within the ambit of the promotion or preservation of the public health, safety and welfare, even if it was not designated specifically as a health hazard.

Further, we conclude that the procedures of R.C. 4513.63 constitute a governmental function in that it is not customary for nongovernmental persons to order an abandoned vehicle to be towed from a public street, impounded, and subsequently destroyed. The fact that the police contract with a nongovernmental entity to perform these activities does not render the performance proprietary in nature. "R.C. 2744.01(C) does not exclude from the definition of governmental functions those functions sometimes performed by private entities for political subdivisions." *McCloud v. Nimmer* (1991), 72 Ohio App.3d 533, 595 N.E.2d 492. We hold that the city is immune from liability pursuant to R.C. 2744.02 and that the exceptions to immunity are not applicable.[1]

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

**1.** We note that the record discloses that the trial court failed to review the deposition of Police Officer Dean Foley in its determination. While this was erroneous, we do not find it to be plain error where our disposition is premised on the determination that appellee was immune from liability.