[Cite as *Parker v. Cincinnati*, 2013-Ohio-2192.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| GILBERT PARKER, | : | APPEAL NO. C-120696 |
| | | TRIAL NO. A-1103437 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| CITY OF CINCINNATI, | : | |
| | | |
| Defendant-Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 31, 2013


*Gilbert Parker*, pro se,

*John P. Curp*, City Solicitor, and *Jessica L. Powell*, Assistant City Solicitor, for Defendant-Appellee.


**Please note:  this case has been removed from the accelerated calendar.**

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}     Plaintiff-appellant Gilbert Parker appeals from the trial court's entry granting summary judgment to defendant-appellee the city of Cincinnati ("the city") on the basis of statutory immunity.  Parker had filed a complaint against the city alleging that the city had wrongfully impounded and sold his automobile.

{¶2}     Because the city was not entitled to immunity on Parker's complaint, we reverse the trial court's grant of summary judgment.

*Factual Background*

{¶3}     In February of 2009, Parker was arrested and charged with driving under the influence, refusing to take a chemical test, and a marked lanes violation. At that time, Parker was placed under an administrative license suspension.  In March of 2009, Parker was again arrested and charged with driving under the influence.  He was additionally charged with refusing to take a chemical test and driving under an administrative license suspension.  Upon Parker's arrest, the Cincinnati Police Department seized and impounded his vehicle because he had been driving under an administrative license suspension.

{¶4}     Sometime in March of 2009, Parker was sent notice that his vehicle had been impounded.  This notice informed Parker of the related impoundment fees, and stated that if Parker failed to obtain the vehicle within 27 days after release of the court ordered immobilization, it could be sold at public auction.  On September 5, 2009, the city sold Parker's vehicle at auction.  Sometime thereafter, Parker attempted to retrieve his vehicle and learned that it had been sold.

{¶5}    Parker filed the current action against the city.  He contended that the city had wrongfully impounded his vehicle because he had not been given notice, following his arrest in February of 2009 for driving while under the influence, that he had been placed on an administrative license suspension.  Parker further alleged that city had improperly sold his vehicle on September 5, in violation of an entry issued by the municipal court judge presiding over his criminal charges, ordering the vehicle released and immobilized for 90 days effective September 3.

{¶6}    The city filed a motion for summary judgment, arguing that it was entitled to immunity on Parker's claims pursuant to R.C. Chapter 2744.  The trial court granted the city's motion.  Parker has appealed.   In two assignments of error, he argues that the trial court erred in failing to review the evidence that he had presented, and that the trial court erred in granting summary judgment to the city. We address the second assignment of error first, as it is dispositive of this appeal.

### *Immunity*

{¶7}    A three-tiered analysis is employed to determine whether a political subdivision is immune from liability under R.C. 2744.02.  *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10.  The first tier provides a general grant of immunity to political subdivisions for "injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."  R.C. 2744.02(A)(1).  The second-tier of the immunity analysis requires a reviewing court to determine whether any of the exceptions in R.C. 2744.02(B) apply to remove the initial grant of immunity.  *Id.* at ¶ 11.  If this initial grant of immunity is removed, then under the third-tier of the

immunity analysis, a court must determine whether immunity is reinstated by one of the defenses provided for in R.C. 2744.03. *Id.* at ¶ 12.

{¶8} Here, the city's action that allegedly resulted in a loss of property to Parker was its disposal of an impounded vehicle. The city employees who had impounded Parker's vehicle and sold it at auction were engaged in a governmental function. *See Peters v. Cincinnati*, 105 Ohio App.3d 710, 712, 664 N.E.2d 1329 (1st Dist.1995) ("it is not customary for nongovernmental persons to order an abandoned vehicle to be towed from a public street, impounded, and subsequently destroyed"). *See also Pavlik v. Cleveland*, 8th Dist. No. 92176, 2009-Ohio-3073, ¶ 18 (the power to impound a motor vehicle is a governmental function under R.C. Chapter 2744). Accordingly, the city was entitled to an initial grant of immunity on Parker's claims.

{¶9} We next consider whether any of the R.C. 2744.02(B) exceptions to the initial grant of immunity apply. In this case, we find that R.C. 2744.02(B)(5) is applicable. This provision states that "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code." The city had impounded Parker's vehicle under R.C. 4510.41 because he had driven under an administrative license suspension. R.C. 4510.41(D)(5) provides that

> [i]f the impoundment of the vehicle was not authorized under this section, the court shall order that the vehicle and its license plates be returned immediately to the arrested person or, if the arrested person is not the vehicle owner, to the vehicle owner and shall order that the state or political subdivision of the law enforcement agency served by

4

the law enforcement officer who seized the vehicle pay all expenses
and charges incurred in its removal and storage.

Substantively, Parker's complaint alleged that the city had failed to inform him that he had been placed under an administrative license suspension, and that the city had sold his vehicle in contravention of a court's release and immobilization order. If Parker were to succeed on the merits of his complaint, R.C. 4510.41(D)(5) would require the city to return Parker's vehicle and to pay all expenses and charges incurred in the vehicle's storage. This case is unique in that the city has already sold Parker's vehicle and consequently cannot return it as a remedy, as required by R.C. 4510.41(D)(5).

{¶10} Should Parker succeed on the merits of his complaint, R.C. 4510.41(D)(5) would operate to expressly impose liability upon the city. The city's initial grant of immunity is removed pursuant to R.C. 2744.02(B)(5).

{¶11} R.C. 2744.03 provides defenses that would operate to reinstate the city's grant of immunity. We find that none of the defenses provided for in R.C. 2744.03 are applicable in this case. The city was not entitled to immunity on Parker's complaint, and the trial court erred in granting summary judgment on that basis. Parker's second assignment of error is sustained.

{¶12} In his first assignment of error, Parker argues that the trial court erred in failing to review the evidence that he had presented. This assignment of error is moot, as the trial court's grant of summary judgment was based solely on the issue of immunity.

{¶13} The trial court's grant of summary judgment is reversed, and this cause is remanded for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**HILDEBRANDT** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.