[Cite as *Thomas v. Lorain Metro Hous. Auth.*, 2018-Ohio-2997.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JUSTIN R. THOMAS

    Appellee

    v.

LORAIN METROPOLITAN HOUSING
AUTHORITY

    Defendant

    and

CITY OF LORAIN

    Appellant

C.A. No.     17CA011177

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CV188380

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

CARR, Judge.

{¶1} Appellant, the City of Lorain, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On a snowy January evening in 2014, Justin Thomas was walking to the store when his left leg fell into an open water meter crock that was situated on a property owned by the Lorain Metro. Hous. Auth. ("LMHA"). The water meter crock's lid had become dislodged, resulting in an open hole.[1] Though the water meter crock was located just off the sidewalk, a

---

[1] While the water meter crock in question was owned by the City, it was no longer operational.

path had been cleared in such a way that it guided pedestrians to the spot in the grassy area where the water meter crock was located. At the time of the incident, Thomas was walking to a convenience store with his girlfriend, who was a resident on the property. Thomas suffered significant injuries as a result of his fall. Approximately a week after the incident, Thomas' girlfriend found a lid partially buried in the snow.

{¶3} On January 6, 2016, Thomas filed a complaint against LMHA, the City of Lorain, and the Lorain Util. Dept., in addition to several John Doe defendants. With leave of court, Thomas subsequently filed an amended complaint wherein he alleged that the defendants' "negligent, reckless, and/or wanton conduct" led to the hazardous situation with the water meter crock. Thomas further alleged that maintenance of the area where the water meter crock was located, including the plowing of the snow in that area, was performed in a "negligent and/or reckless manner by Defendants[.]" The City initially filed a cross claim against LMHA but the cross claim was subsequently dismissed. Both LMHA and the City filed answers to the amended complaint.

{¶4} On May 11, 2017, the City filed a motion for summary judgment and included numerous exhibits. The following day, LMHA also filed a motion for summary judgment. Thomas filed an omnibus brief wherein he responded in opposition to both motions for summary judgment. Both the City and LMHA filed reply briefs in support of their respective motions. On July 6, 2017, the trial court issued separate orders denying the motions for summary judgment.

{¶5} The City filed a timely notice of appeal. Now before this Court, the City raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING CITY'S MOTION FOR SUMMARY JUDGMENT, AS THE MERE EXISTENCE OF AN ABANDONED WATER METER CROCK IS NOT A "PHYSICAL DEFECT" AS THAT PHRASE IS DEFINED IN HAMRICK V. BRYAN SCHOOL DIST. 6TH DIST. WILLIAMS NO. WM-10-014, 2011-OHIO-2572, ¶[ 28], WHEREBY THE COURT DEFINES A "PHYSICAL DEFECT" AS A "PERCEIVABLE IMPERFECTION THAT DIMINISHES THE WORTH OR UTILITY OF THE OBJECT AT ISSUE;" THUS, THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND CITY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING CITY'S MOTION FOR SUMMARY JUDGMENT, AS APPELLEE JUSTIN THOMAS (HEREINAFTER, "THOMAS") CANNOT SHOW THAT CITY RECEIVED CONSTRUCTIVE OR ACTUAL NOTICE OF AN EXISTENCE OF A "PHYSICAL DEFECT" WITH CITY'S WATER METER CROCK; THUS, THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND CITY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DENYING CITY'S MOTION FOR SUMMARY JUDGMENT, AS THE MERE EXISTENCE OF AN ABANDONED WATER METER CROCK DOES NOT CONSTITUTE MALICIOUS PURPOSE, BAD FAITH, OR WANTON OR RECKLESS ACTS THAT MAY ALLOW FOR THE IMPOSITION OF LIABILITY UPON CITY AND THEREFORE ANY ANALYSIS REGARDING THE ROUTINE MAINENANCE OF SAID WATER METER CROCK IS IMPROPER; THUS, THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND CITY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶6}   In its three assignments of error, the City maintains that the trial court erred in denying its motion for summary judgment.  Throughout its brief, the City consistently maintains that there was no evidence regarding how or when the water meter crock lid became dislodged. The City further maintains that it did not have notice of the alleged hazard.  This Court disagrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**Background**

{¶10} In its July 6, 2017 journal entry, the trial court noted that the City raised four arguments in support of its motion for summary judgment. Specifically, the City argued that it

was not liable for Thomas' injuries "because: 1) the operation of a municipal corporation water supply system is a proprietary function and Lorain is entitled to sovereign immunity; 2) [Thomas] is unable [to] establish the elements of a negligence claim; 3) Lorain did not have actual or constructive notice of the alleged missing water meter crock lid; and 4) [Thomas] is unable to establish recklessness on the part of Lorain."

{¶11} The trial court addressed all four of these arguments and denied the City's motion for summary judgment. With respect to the sovereign immunity question, the trial court ultimately rejected the City's proprietary function argument on the basis that R.C. 2744.02(B)(2) creates an exception to the general grant of immunity and provides that a political subdivision may be found liable for injuries caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivision. The trial court further concluded that a second exception to immunity existed here as R.C. 2744.02(B)(4) provides that political subdivisions are liable for injuries caused by the negligence of their employees with respect to physical defects on grounds that are used in connection with a governmental function. While the City argued that immunity could be restored under R.C. 2744.03(A)(5), the trial court rejected this argument as well. Based on the premise that the "exercise of judgment" immunity defense set forth in R.C. 2744.03(A)(5) does not include routine maintenance, the trial court concluded that immunity could not be restored because maintaining the water meter crocks falls within the scope of routine maintenance.

### Discussion

{¶12} "We begin our discussion by underscoring that the scope of the City's appeal is limited to the immunity issue. Though a trial court's order denying a motion for summary judgment is generally not a final, appealable order, R.C. 2744.02(C) permits the City to appeal to

the extent that the trial court's order denies a political subdivision the benefit of an alleged immunity from liability." *Calet v. E. Ohio Gas Co.*, 9th Dist. Summit No. 28036, 2017-Ohio-348, ¶13, citing *Davis v. Akron*, 9th Dist. Summit No. 27014, 2014-Ohio-2511, ¶ 12. Here, while the trial court addressed several issues in its July 6, 2017 journal entry denying the City's motion for summary judgment, "this Court's review is limited to whether, when construing the facts in the light most favorable to [Thomas], the City established that it is immune from liability as a matter of law." *Calet* at ¶ 13, citing *Davis* at ¶ 14; *see also Devaux v. Albrecht Trucking Co.*, 9th Dist. Medina No. 09CA0069-M, 2010-Ohio-1249, ¶ 23; *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7-8.

{¶13} Determining whether a political subdivision qualifies for immunity pursuant to R.C. 2744 et seq. involves a three-tiered analysis. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 8. R.C. 2744.02(A) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." When it has been determined that a party generally qualifies for immunity due to its status as a political subdivision, the second tier of the analysis is to determine whether one of the exceptions to immunity set forth in R.C. 2744.02(B) is applicable. *Shepard v. Akron*, 9th Dist. Summit No. 26266, 2012-Ohio-4695, ¶ 16. Under circumstances where an exception to immunity applies, the third tier of the analysis involves a determination of whether immunity may be restored under R.C. 2744.03(A). *Id*. at ¶ 27.

{¶14} While the City has articulated numerous arguments on appeal, the City does not include any citations to R.C. 2744 et seq. in its merit brief, nor does it engage in an analysis of the immunity issue. *See* App.R. 16(A)(7). Thus, the City has not challenged the trial court's

determination that the exceptions to immunity under R.C. 2744.02(B) are applicable in this case. Notably, the City conceded at oral argument that it was engaged in a proprietary function pursuant to R.C. 2744.02(B)(2) because the water meter crock was related to the operation of a sewer system. The City further acknowledged at oral argument that immunity cannot be restored pursuant to R.C. 2744.03(A).

{¶15} As noted above, the scope of the instant appeal is limited to the question of whether the trial court properly denied the City the benefit of sovereign immunity. *Calet* at ¶ 13. Accordingly, this Court will refrain from addressing the City's arguments which go to the elements of Thomas' underlying claims. *See generally Davis* at ¶ 14. To the extent that the City argues that it is entitled to immunity because it did not have actual or constructive notice of the issue with the water meter crock, we note that the City cannot prevail on a motion for summary judgment by simply asserting that it did not have actual or constructive notice of a problem related to the performance of a proprietary function when the problem was not readily observable. *See generally Reinhold v. Univ. Hts.*, 8th Dist. Cuyahoga No. 100270, 2014-Ohio-1837, ¶ 18. Here, the evidence tended to show that the incident occurred during the midst of a winter storm and the snowy and icy conditions made it exceedingly difficult to observe that the water meter crock was missing its lid. Thus, there is at a minimum a question of fact regarding whether it would have been possible for the LMHA or an LMHA resident to provide the City with notice of the hazard until actual damage occurred. *Id.*

{¶16} Moreover, even assuming we could consider the City's notice argument, there was evidence presented that showed the City was aware of ongoing issues with maintaining water meter crocks on LMHA properties, particularly as it pertained to snow removal. A former crew leader for the City's meter department indicated that LMHA Gators would sometimes hit

and damage the water meter crocks while plowing snow. The dislodged lids were not always recovered, resulting in a situation where the City had to "mix [and] match the lids[.]" The former crew leader further testified that, given the issues on the LMHA properties, "we would show whoever was working in that area for LMHA that we had to be, you know, cognizant of the meter crocks." There was additional evidence that showed that the exact water meter crock at issue in this case had been previously damaged in 2010 when it was struck by an LMHA plow. Under these unique circumstances, where there was evidence that the City was cognizant of the ongoing safety issues related to the water meter crocks on LMHA properties, the City cannot escape liability during the summary judgment phase on account of lack of constructive notice of the alleged hazard.

{¶17} As the City has not demonstrated on appeal that it is entitled to sovereign immunity as a matter of law, we are compelled to affirm the trial court's order denying the motion for summary judgment as it relates to the sovereign immunity issue.

{¶18} The City's assignments of error are overruled.

III.

{¶19} The City's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

PATRICK D. RILEY and JOSEPH T. LAVECK, Attorneys at Law, for Appellant.

MATTHEW DOOLEY and STEPHEN BOSAK, Attorneys at Law, for Defendant.

TIMOTHY R. CLEARY, Attorney at Law, for Defendant.

RYAN M. HARRELL and WILLIAM J. PRICE, Attorneys at Law, for Appellee.