[Cite as *Gilliam v. Vaughn's Auto Repair & Towing*, 2019-Ohio-5020.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES GILLIAM

    Appellee

    v.

VAUGHN'S AUTO REPAIR & TOWING

    Defendant

    and

LORAIN COUNTY SHERIFF

    Appellant

C.A. No.     19CA011505

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    17CVF00486

DECISION AND JOURNAL ENTRY

Dated: December 9, 2019

---

CARR, Judge.

{¶1} Defendant-Appellant Lorain County Sheriff ("the Sheriff") appeals the judgment of the Oberlin Municipal Court. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} This Court summarized the facts of the matter in the prior appeal:

According to [Plaintiff] James Gilliam, following a traffic stop in Lorain County, his vehicle was towed and stored by [Defendant] Vaughn's Auto Repair & Towing [("Vaughn's")]. Over the next few months, he attempted to recover his vehicle, but every time he tried to pay the requested fee, Vaughn's would increase the amount it said he owed. Finally, one day it told him that his vehicle had been sold. Mr. Gilliam filed a complaint against Vaughn's, alleging several causes of action. After discovering that the Sheriff had approved the sale, Mr. Gilliam amended his complaint to add claims against the Sheriff. Specifically, Mr.

> Gilliam alleged that the Sheriff had failed to provide him the notice required by statute that his vehicle was going to be sold.
>
> After answering the amended complaint, the Sheriff moved for summary judgment, alleging that it was immune from liability. The municipal court denied its motion because it determined that some of the documents the Sheriff had submitted were not properly incorporated into an affidavit. It gave the Sheriff 14 days to supplement the record. After the Sheriff submitted a supplemental brief, the municipal court again denied its motion for summary judgment, concluding that it was not immune because it had not followed the statutory procedure for disposal of the vehicle.

*Gilliam v. Vaughn's Auto Repair & Towing*, 9th Dist. Lorain No. 18CA011340, 2019-Ohio-1392, ¶ 2-3.

{¶3} The Sheriff appealed and this Court reversed the judgment of the trial court. *See id.* at ¶ 1, 3. In so doing, this Court concluded that it did not "appear that the municipal court conducted the three-tiered analysis for political subdivision immunity." *Id.* at ¶ 7. We noted that the trial court "did not analyze whether the exceptions to immunity under Section 2744.02(B) or the statutory defenses to liability under Section 2744.03(A) applied." *Id.* In conclusion, we determined that a remand was warranted because, even "[t]hough the municipal court may have worked through the three-tier immunity analysis under Sections 2744.02 and 2744.03, we can[not] determine from the judgment entry its conclusions in that regard." *Id.* at ¶ 8.

{¶4} Upon remand, the trial court again issued an entry denying the Sheriff's motion for summary judgment. The trial court, albeit reluctantly, conducted the analysis ordered by this Court in the prior appeal and concluded that the Sheriff "is a political subdivision immune from tort liability under R.C. 2744.01(F)[,]" that "none of the exceptions in R.C. 2744.02(B) appl[ied,]" and that it was therefore not necessary for it to make a finding under R.C. 2744.03(A). Notwithstanding the foregoing, inexplicably, the trial court stated that, "[r]egardless of the court's conclusions in the three tier analysis the court finds that the Lorain County Sheriff

under the unique facts and circumstances of this case is not as a matter of law immune from liability." In concluding that genuine issues of material fact remained and the Sheriff was therefore not entitled to the benefit of immunity, the trial court appears to have primarily relied upon *Broadvue Motors, Inc. v. Maple Hts.*, 135 Ohio App.3d 405 (8th Dist.1999). The Sheriff has appealed, raising a single assignment of error for our review. Mr. Gilliam has not filed a brief in this matter. *See* App.R. 18(C).

II.

### ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN FAILING TO DISMISS THE COMPLAINT AS TO THE LORAIN COUNTY SHERIFF BECAUSE THE SHERIFF IS IMMUNE FROM SUIT[.]

{¶5} The Sheriff asserts in its assignment of error that the trial court erred in denying its motion for summary judgment. Based upon the trial court's own conclusions concerning the three-tiered statutory immunity analysis, which are not challenged on appeal, we agree.

{¶6} "A court engages in a three-tiered analysis to determine whether a political subdivision is immune from liability for damages in a civil action." *Molnar v. Green*, 9th Dist. Summit No. 29072, 2019-Ohio-3083, ¶ 11. "R.C. 2744.02(A) provides that 'a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.'" *Thomas v. Lorain Metro. Hous. Auth.*, 9th Dist. Lorain No. 17CA011177, 2018-Ohio-2997, ¶ 13. "When it has been determined that a party generally qualifies for immunity due to its status as a political subdivision, the second tier of the analysis is to determine whether one of the exceptions to immunity set forth in R.C. 2744.02(B) is applicable." *Id.* "Under circumstances where an

exception to immunity applies, the third tier of the analysis involves a determination of whether immunity may be restored under R.C. 2744.03(A)." *Id.*

{¶7} Here, the trial court engaged in the three-tiered analysis in its judgment entry; an analysis that is not challenged on appeal. Therein, the trial court determined that the Sheriff was a political subdivision and thus, absent an exception, would be immune from liability. The trial court also concluded that none of the exceptions in R.C. 2744.02(B) applied. Further, the trial court did not conclude that Chapter 2744 of the Revised Code was inapplicable. *See* R.C. 2744.09. Accordingly, given those findings, which are unchallenged on appeal, the trial court should have ended its analysis there and, based upon its own three-tiered analysis, concluded that the Sheriff was immune and granted its motion for summary judgment.

{¶8} Instead, the trial court ignored the three-tiered analysis and, based primarily upon *Broadvue Motors, Inc.*, and "the unique facts and circumstances of this case[,]" concluded that the Sheriff was not as a matter of law immune from liability. Initially, we cannot say that *Broadvue Motors, Inc.*, irrespective of whether we agree with its holding, stands for the proposition that the three-tiered immunity analysis can be ignored. In *Broadvue Motors, Inc.*, it appears the appellate court concluded that the exception contained in R.C. 2744.02(B)(5) applied. *See id.* at 411. Nothing in *Broadvue Motors, Inc.* suggests that it is correct for the trial court to disregard the three-tiered statutory analysis.

{¶9} The trial court erred in disregarding the three-tiered analysis, particularly given this Court's order in the prior appeal. *See Elston v. Howland Loc. Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, ¶ 10 ("The process of determining whether a political subdivision is immune from liability involves a three-tiered analysis.").

{¶10} Given that the trial court engaged in the three-tiered analysis and found that no exception to immunity applied, and that the substance of the trial court's three-tiered analysis is not challenged on appeal, the Sheriff's assignment of error is sustained.

III.

{¶11} The Sheriff's assignment of error is sustained. The judgment of the Oberlin Municipal Court is reversed and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and DANIEL F. PETTICORD, Assistant Prosecuting Attorney, for Appellant.

RICHARD RAMSEY, Attorney at Law, for Defendant.

ANTHONY BAKER, Attorney at Law, for Appellee.